UNITED STATES *v.* WHITE SULPHUR SPRINGS CO. (No. 3638)[1]

United States Court of Customs and Patent Appeals, October 30, 1933.

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[1] T.D. 46728.

[Oral argument October 12, 1933, by Mr. Lawrence and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise, the classification of which is involved in this appeal from a judgment of the United States Customs Court, was imported under the Tariff Act of 1930 and is described in the appraiser's report to the Collector of Customs, under the heading "Answer to protest", as follows:

The merchandise is described as pine-needle bath tablets and consists of a preparation to be used in the bath to give a pine odor and refreshing feeling to the body, not of the class of merchandise as covered by pars. 23 or 5. It was returned for duty as a toilet preparation at 75% ad val. under par. 61, act of 1930.

The Collector of Customs classified the merchandise as "a toilet preparation" under said paragraph 61 and took duty at 75 per centum ad valorem.

The importer protested, claiming the merchandise "to be properly dutiable at 25% ad valorem under paragraph 23, * * * or at 25% ad valorem under paragraph 5 of said act." Alternative claims and a proposed later amendment making an additional claim, not having been pressed below and not being here relied upon, need not be further considered.

It appears that the claim under paragraph 23 was made on account of the merchandise being in an alleged "tablet form" and in the decision of the Customs Court it is recited that—

Counsel for the plaintiff in their brief contend that the merchandise is dutiable at 25 percent as a "medicinal preparation under paragraph 5 of said act, by way of paragraph 23, because imported in tablets."

The court below sustained the protest, holding the merchandise to be classifiable under said paragraph 5 as claimed, and the Government appealed.

As the issue is presented before this court, it is pertinent to quote the following parts of the respective paragraphs:

PAR. 61. * * * all preparations used as applications to the * * * skin, such as * * * powders, and other toilet preparations, * * * if not containing alcohol, 75 per centum ad valorem; bath salts, * * * ; if perfumed (whether or not having medicinal properties) 75 per centum ad valorem.

PAR. 5. * * * all medicinal preparations, * * * not specially provided for, 25 per centum ad valorem.

PAR. 23. * * * medicinal * * * substances, * * * when imported in * * * tablets, * * * or similar forms, * * * shall be dutiable at not less than 25 per centum ad valorem.

As tried in the court below, the only issue there presented was that between "toilet preparations" under the first clause of paragraph 61, *supra*, and "medicinal preparations" or "medicinal substances" under paragraph 5 "by way of paragraph 23", and the court based its

decision largely upon its own former decision in *United States* v. *Franklin,* T.D. 43831, affirmed by us in 19 C.C.P.A. (Customs) 65, T.D. 44896.

Following the Customs Court's decision in the instant case, the Government entered a motion for rehearing, insisting that if the merchandise is not properly classifiable as a toilet preparation at 75 per centum under said paragraph 61 it is properly classifiable and subject to the same rate of duty under the latter clause of the same paragraph, *supra,* providing for bath salts, perfumed whether or not having medicinal properties.

The motion for rehearing was denied by the trial court without opinion, the appeal was prosecuted, and before us the Government renews its contention as there made in the rehearing application.

No extensive review of the record seems to be necessary. There is nothing therein tending to show that the merchandise is bath salts. The appraiser's report does not so designate it, nor did the collector so classify it. His classification was as a toilet preparation. Hence there is no presumption from the classification itself that it is bath salts, and no proof was introduced which even intimates it to be such.

Where a paragraph of a tariff act makes provision for two or more distinctly different kinds of merchandise and the collector of customs specifically classifies an importation as one of those kinds, the legal presumption that such classification is correct attaches, but such presumption of correctness is limited to the specific classifiction made, and, in case it be found that the merchandise is not such specific kind, it may not be held that there is a legal presumption that it is some other kind which happens to be included in the same paragraph but of which the appraiser gives no description and the collector makes no mention in his classification.

It is quite true the court might conclude from other things in the record, legitimate to be considered by it, that the merchandise was, in fact, some other kind covered by the paragraph, and, in such case (unless the protest of the importer claimed such other kind), the rule often applied would be followed of sustaining the duty assessment without approving the collector's specific classification, but we have nothing in the record in the instant case to warrant any finding that the merchandise is bath salts.

The issue before us, therefore, is as it was in the trial before the Customs Court, and, in our opinion, that court's decision is without error.

The merchandise here is substantially the same as that involved in the *Franklin* case, *supra.* Indeed, it appears to be identical except as to the proportions of the ingredients, and there is no claim that this change in proportions alters the nature of the substance in any manner affecting its tariff status. There is here, as there was there, proof of a medicinal character or use sufficient, in our opinion, to

overcome *prima facie* the presumption of correctness of the collector's classification, and no effort was made to rebut this proof with testimony *contra*.

The judgment of the United States Customs Court is *affirmed*.